```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
                     MIAMI DIVISION
              Case No. 18-24691-CIV-GRAHAM
```

MARY ANN GUZY,

    Plaintiff,

vs.

QBE SPECIALTY INS.CO.,

    Defendant.
    _____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant QBE Specialty Insurance Company's ("QBE") Motion for Final Summary Judgment [D.E. 25], Plaintiff Mary Ann Guzy's Response to Defendant's Motion for Summary Judgment [D.E. 32], and Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [D.E. 41]. The Court also considers Defendant's unopposed Motion for Continuance. [D.E. 42].

**THE COURT** has considered the motion, the relevant portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion for Final Summary Judgment [D.E. 25] is **DENIED**. Also, Defendant's motion for continuance is **DENIED**.

    **I.    BACKGROUND**

This is an insurance coverage dispute arising out of damages

to Plaintiff's condominium unit caused by a water leak originating from a unit located above Plaintiff's property on November 29, 2016. Plaintiff first reported the water damage to QBE on February 17, 2017- 80 days after it reportedly occurred. At the time of reporting, and QBE's subsequent inspection, there were water mitigation and dry out services performed. QBE first accessed the property 97 days later, on or about March 6, 2017, to inspect the loss and claimed damage. A second inspection of the property was conducted on July 7, 2017 to address a subsequent mold claim, as well as additional claimed property damage. On July 19, 2017, QBE conducted a third inspection and additional damage was corroborated, prompting a supplemental payment of the undisputed damage. A fourth inspection was conducted by QBE on August 11, 2017.

Thereafter, Plaintiff submitted a damage estimate totaling $1,208,641.91. Prior to the filing of this action QBE issued building damage payments totaling $335,909.82 to Plaintiff for repairs, but could not corroborate the repairs sought in the $1,208,641.91 estimate. Plaintiff now asserts that damages have been calculated at $1,684,363.67.

On February 8, 2018, on behalf of QBE, counsel requested supporting documents and a Sworn Statement in Proof of Loss ("SSPOL") from Plaintiff to further clarify the damage sought and expenses incurred. Although Plaintiff submitted a SSPOL together

2

with 144 pages of supporting documentation, QBE considered the SSPOL incomplete because it failed to identify the amount of damage sought within the document. By letter dated April 27, 2018, counsel for QBE rejected the incomplete SSPOL and once again requested supporting documentation.

Also, in an effort to clarify the damage sought and expenses incurred, QBE unilaterally scheduled Plaintiff's examination under oath ("EUO") to occur on June 11, 2018, July 19, 2018 and August 21, 2018. Plaintiff requested to reschedule the June 11, 2018 EUO and failed to appear for the July 19, 2018 and August 21, 2018 EUOs. By letter dated August 23, 2018, QBE requested compliance with the pending document, SSPOL, and EUO requests within thirty days. On or about September 17, 2018, Plaintiff counsel contacted QBE counsel and proposed a November 6th EUO date. Counsel for QBE responded on September 17, 2018, agreeing to the proposed November 6th EUO date and correspondence was sent to Plaintiff confirming same and following up on QBE's prior document request. Also, on September 17, 2018, prior to attending the EUO, Plaintiff filed this action. To date, no further documents have been provided, nor has the defective SSPOL been corrected to identify the damage amount sought in this action. Plaintiff attended the November 6th EUO.

Defendant moves for summary judgment arguing that Plaintiff's violation of certain post-loss obligations required under the

insurance contract deprived Defendant of the opportunity to timely investigate the loss and independently corroborate the claimed damage. [D.E. 25]. Specifically, Plaintiff asserts that: (1) Plaintiff's failure to give timely notice of her claim prejudiced Defendant's investigation of the claim; (2) Plaintiff's failure to attend the scheduled EUO prior to filing suit constitutes a material breach of the policy; (3) Plaintiff's failure to cooperate and provide the requested documents and SSPOL corroborating her claim prior to filing suit is a material breach of the policy; and (4) Plaintiff breached the "Suit Against Us" provision of the policy by filing suit before complying with the policy.

The subject policy states the following with respect to an insured's post loss duties, in pertinent part:

**SECTION I—CONDITIONS**

\* \* \*

C. **Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
1. Give prompt notice to us or our agent;

\* \* \*

4. Protect the property from further damage. If repairs to the property are required, you must:
    a. Make reasonable and necessary repairs to protect the property; and
    b. Keep an accurate record of repair expenses;

4

> 5. Cooperate with us in the investigation of a claim;
>
> * * *
>
> 7. As often as we reasonably require:
>
>    a. Show the damaged property;
>    b. Provide us with records and documents we request and permit us to make copies; and
>    c. Submit to examination under oath, while not in the presence of another "insured", and sign the same;
>
> 8. Send to us, within 60 days of our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
>
> a. The time and cause of loss;
> b. The interests of all "insureds" and all others in the property involved and all liens on the property;
> c. Other insurance which may cover the loss;
> d. Changes in title or occupancy of the property during the term of the policy;
> e. Specifications of damaged buildings and detailed repair estimates;
> f. The inventory of damaged personal property described in 6. above;
> g. Receipts for additional living expenses incurred and records that support the fair rental value loss; and
> h. Evidence or affidavit that supports a claim under D.6. Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section I Property Coverages, stating the amount and cause of loss.

The policy further requires that no action be filed unless full compliance with the policy terms is first achieved. The policy states in relevant part:

> **SECTION I—CONDITIONS**
>
> * * *
>
> H. Suit Against Us
>
> No action may be brought against us unless there has been full compliance with all of the terms under Section I of this

policy and the action is started within two years after the date of loss.

### III. LAW & DISCUSSION

#### A. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the pleadings, depositions, affidavits and exhibits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a),(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir.1997). An issue of fact is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. Id.

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. Id. (citation omitted). In deciding whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir.1993). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes

6

summary judgment. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991); see also Fed.R.Civ.P. 56(e). A party cannot defeat a motion for summary judgment by resting on the conclusory allegations in the pleadings. See Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252. If however, reasonable minds could disagree on the inferences arising from the material facts, then the Court must deny the motion for summary judgment. Tyson Foods, Inc., 121 F.3d at 646 (citations omitted). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**B. Legal Analysis**

**1. Failure to provide timely notice**

Under Florida law, notice is a condition precedent to coverage, and an insured's failure to provide "timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy." Ideal Mut. Ins. Co. v.

Waldrep, 400 So.2d 782, 785 (Fla. 3d DCA 1981)("Notice is necessary when there has been an occurrence that should lead a reasonably prudent man to believe that a claim for damages would arise."). Courts have interpreted "prompt" and comparable phrases to mean that notice should be given with "reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case." Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co., 599 Fed. Appx. 875, 879 (11th Cir. 2015) (citations omitted). Moreover, the failure to give timely notice creates a rebuttable presumption of prejudice to the insurer. Bankers Ins. Co. v. Macias, 475 So.2d 1216 (Fla. 1985); Soronson v. State Farm Fla. Ins. Co., 96 So.3d 949, 952-53 (Fla. 4th DCA 2012). Thus, an insured's violation of a notice requirement does not relieve the insurer of its contractual obligation when the insured shows no prejudice. BellSouth Telecomms., Inc. v. Church & Tower of Fla., Inc., 930 So.2d 668, 671 (Fla. 3d DCA 2006) (citing Aguero v. First Am. Ins. Co., 927 So.2d 894 (Fla. 3d DCA 2005)); Mid-Continent Cas. Co. v. Basdeo, 742 F. Supp. 2d 1293, 1335-36 (S.D. Fla. 2010) aff'd, 477 Fed.Appx. 702 (11th Cir. 2012). The determinations of (i) whether the notice provision was complied with and (ii) what is a reasonable time under the surrounding circumstances are questions of fact. Ideal Mut. Ins. Co., 400 So.2d at 785. As a result, to prevail on a motion for summary judgment on notice grounds, a

party must first demonstrate that no genuine issues of material fact exist regarding: (1) the policy's notice requirements; (2) when notice was provided; (3) whether notice was timely; and (4) whether prejudice exists, either by operation of the unrebutted presumption or otherwise. See Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co., 2009 WL 1513400 *6 (M.D. Fla. May 27, 2009). QBE has failed, on the record evidence, to meet this burden.

QBE moves for summary judgement arguing that Plaintiff failed to provide timely notice of the loss. Specifically, QBE contends that Plaintiff's reporting of the loss approximately 80 days after the water leak was unreasonable and prejudicial because it denied QBE the opportunity to observe and corroborate the claimed damage. [D.E. 25]. QBE argues that the lapse of time, intervening water mitigation efforts, and failure to provide photographs showing the affected areas at or near the time of the loss prevented QBE from corroborating the entirety of damage claimed by Plaintiff. [D.E. 25]. QBE further asserts that it was prejudiced as a result of its inability to assess the damages claimed by Plaintiff.

According to Plaintiff, she was not home at the time of the loss. Instead she was in Nashville, Tennessee, having traveled there with her daughter so that her daughter could undergo surgery for a rare, life-threatening condition. [D.E. 33-1]. Plaintiff was notified of the leak via a telephone call from the staff of her condominium building. Id. She was told that water from the leak

9

had entered her unit, and that a company was brought in to clean up the water in her unit. Id. Plaintiff returned to Miami on or about December 22, 2016. Id. Plaintiff asserts that she was focused on her daughter's recovery and health and reported the claim as soon as she could. Plaintiff is not certain when she reported the claim, but believes it was earlier than February 17, 2017, the date QBE claims it received notice. Id.

The policy at issue in this case requires "prompt" notice. Notice is said to be prompt when it is provided within a reasonable time in view of all the facts and circumstances of each particular case. Laquer v. Citizens Prop. Ins. Corp., 167 So.3d 470 (Fla. 3d DCA 2015) (quoting Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co., 599 Fed. Appx. 875 (11th Cir. 2015)); LoBello v. State Farm Fla. Ins. Co., 152 So.3d 595 (Fla. 2d DCA 2014).

Here, in view of all of the facts and circumstances, the Court finds there are genuine issues of material fact underlying the issue of whether the Plaintiff gave "prompt" notice of the claimed loss to Defendant QBE. Therefore, summary judgment is precluded on QBE's untimely notice argument. Moreover, the presence of a material issue of fact concerning the timeliness of Plaintiff's notice makes it unnecessary to consider the question of prejudice.

## 2. Failure to comply with EUO requirement prior to suit

Policy provisions requiring submission to an EUO are conditions precedent to filing suit. Indeed, Florida courts have consistently held that an insured must comply with an EUO provision in order to maintain an action to recover policy benefits. *See* Goldman v. State Farm Fire General Insurance Co., 660 So.2d 300, 303 (Fla. 4th DCA 1995) ("We conclude that the policy provisions requiring appellants to submit to examinations under oath are conditions precedent to suit ..."). *See also* Shaw v. State Farm Fire and Casualty Co., 37 So.3d 329, 332 (Fla. 5thDCA 2010) ("It is undisputed that a provision in an insurance policy that requires the insured to submit to an EUO qualifies as a condition precedent to recovery of policy benefits.") (citation omitted); Southgate Gardens Condo. Assoc., Inc. v. Aspen peciality Ins. Co., 622 F.Supp.2d 1332, 1335 (S.D. Fla. 2008) ("Compliance with provisions requiring EUOs are conditions precedent to suit ..."); El-Ad Residences at Miramar Condominium Ass'n, Inc. v. Mt. Hawley Ins. Co., 2010 WL 8961438, at *4 (S.D. Fla. 2010).

Here, it is undisputed that QBE requested and unilaterally set Plaintiff's EUO on three separate occasions prior to filing suit. It is also undisputed that on September 17, 2018, the parties agreed that November 6th would be an acceptable date for Plaintiff's EUO. Additionally, on September 17, 2018, prior to the

11

EUO, Plaintiff filed this action. Plaintiff appeared for her EUO on November 6, 2018, after filing suit.

QBE asserts that Plaintiff's failure to appear for a requested EUO prior to filing suit is a material breach of the policy warranting summary judgment. Further, Plaintiff's belated attendance at the EUO on November 6, 2018 does not relieve her obligation to sit for an EUO *before* suit was filed as required by the policy. Moreover, QBE asserts that Plaintiff has not established a compelling reason to file suit before complying with her obligations under the policy.

Plaintiff responds that, under the facts and circumstances, filing Plaintiff's suit, prior to her EUO, was not premature, any breach of the policy was not "willful and material," and summary judgment is improper because Plaintiff's non-compliance is a question of fact for the jury. [D.E. 32].

The undisputed record shows that Plaintiff filed this lawsuit prior to appearing for the EUO. However, on this record, there is a dispute of fact regarding whether Plaintiff was in compliance with QBE's request for an EUO. Specifically, Plaintiff's filing of her complaint within minutes of the parties' confirmed agreement setting the date for Plaintiff's EUO creates a question of fact as to whether Plaintiff was in violation of the "full compliance" requirement. *See Haiman v. Federal Insurance Company*, 798 So.2d 811, 812 (Fla. 4th DCA 2001) (citation omitted) (cooperation "to

12

some degree" or providing an explanation for non-compliance with EUO provision creates a question of fact for jury). See also El-Ad Residences at Miramar Condominium Ass'n, Inc. v. Mt. Hawley Ins. Co., 2010 WL 8961438, at *5 (S.D.Fla.,2010)(question of fact as to compliance with EUO precondition where parties agreed to EUO date prior to suit and Plaintiff's EUO was taken less than a month after the action was filed). Accordingly, summary judgment because of Plaintiff's alleged non-compliance with the pre-suit EUO requirement of the policy is denied.

3. **Failure to produce documents and violation of the "no action" clause**

QBE also seeks summary judgment in its favor because Plaintiff failed to comply with the policy conditions by not producing requested information, including a completed SSPOL, and filing this action before there was full compliance with the policy. Plaintiff responds that a question of fact exists as to Plaintiff's cooperation and provision of documents, including a SSPOL.[D.E. 32]. The Court agrees.

It is undisputed that Plaintiff provided a SSPOL supported by 144 pages of documents to QBE. QBE, however, asserts that there is a material breach of the policy because the SSPOL was incomplete and the submitted documentation provided insufficient information for QBE's independent confirmation of the loss and damage claimed Plaintiff.

A total failure to comply with post-loss policy provisions may preclude recovery as a matter of law; however, if the insured cooperates to some degree or provides an explanation for its noncompliance, a factual issue exists for resolution by a jury. Commercial Long Trading Corp. v. Scottsdale Insurance Company, 2013 WL 12093150, at *4 (S.D. Fla. 2013). See also Coconut Key Homeowners Ass'n Inc. v. Lexington Ins. Co. 649 F.Supp.2d 1363, 1369-70 (S.D. Fla. 2009); see also Horizons Condo. Ass'n, Inc. v. QBE Ins. Corp., 2007 WL 294230, at *4 (M.D. Fla. Jan. 29, 2007) ("Florida law is clear that while a total failure to comply with policy provisions made a prerequisite to suit under the policy may constitute a breach precluding recovery from the insurer as a matter of law, if the insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented for resolution by a jury.") (citing Haiman v. Fed. Ins. Co., 798 So.2d 811, 812 (Fla. 4th DCA 2001)); Starling v. Allstate Floridian Ins., Co., 956 So.2d 511 (Fla. 5th DCA 2007).

Here, Plaintiff complied to some degree with QBE's request and provided an explanation for her noncompliance. The issue of whether her compliance was sufficient or a material breach is a matter for a jury. See Schnagel v. State Farm Mut. Auto. Ins. Co., 843 So.2d 1037, 1038 (Fla. 4th DCA 2003) ("[w]here, as here, an insured cooperates to some degree, the issue of whether there has been a material breach of the insurance contract is one for a

14

jury-not the trial judge"); El Dorado Towers Condo. Ass'n, Inc. v. QBE Ins. Corp., 717 F. Supp. 2d 1311, 1318 (S.D. Fla. 2010); Commercial Long Trading Corp. v. Scottsdale Insurance Company, 2013 WL 12093150, at *4 (S.D. Fla. 2013). For the foregoing reasons, QBE's motion is denied as genuine issues of fact exist.

IV. CONCLUSION

For the reasons stated above, the Court denies QBE's Motion for Summary Judgment. It is therefore,

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [D.E. 25] is **DENIED**. Further,

On January 15, 2019, this matter was scheduled for trial to commence the two-week trial period beginning on Monday November 11, 2019 [D.E. 19].[1] On June 11, 2019, Defendant filed a motion seeking to continue trial until January 2020. The Court's calendar does not afford a change in the trial period. Also, the Court notes that the parties had plenty of time to adjust their calendars. Nonetheless, the Court will try to accommodate the parties' calendars during the two-week trial period beginning November 12, 2019. Within five (5) days of this order, the parties are directed to notify the Court when during the trial calendar this case should be tried. It is therefore,

---

[1] On March 15, 2019, the Court amended its scheduling order resetting this case for trial to commence on Tuesday November 12, 2019 because of the federal holiday, Veterans Day, scheduled on Monday November 11, 2019. [D.E.

**ORDERED AND ADJUDGED** that Defendant's unopposed Motion for Continuance [D.E. 42] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of June, 2019.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

---

27].